REQUESTED BY: M. Berri Balka, Director of Insurance, Department of Insurance, 301 Centennial Mall South, Lincoln, Nebraska.
Are stock insurance companies entitled to deduct `policy dividends' on fire insurance business the same as mutual companies in computing the tax?
Yes.
Section 81-523, R.R.S. 1943, assesses a tax on direct writing premiums and assessments for fire insurance business done in this state.
Subsection (4) allows a deduction for return premiums from the gross direct writing premium in calculating the tax; said subsection then goes on to specifically state that:
 ". . . In the case of mutual companies and assessment associations, the dividends paid or credited to policyholders or members in this state shall be construed to be return premiums."
You then inquire if `policy dividends' paid or credited by a stock company to its policyholders, as opposed to dividends paid to its stockholders, should also be an allowable deduction from gross direct writing premiums.
A `policy dividend' to policyholders, as distinguished from a cash or stock dividend to stockholders, in a stock company is the same as a return of premiums. The same is true in a mutual company and assessment association, but because these organizations have no capital stock (See 44-102, R.R.S. 1943) and each insured is a voting member of the company (44-217, R.R.S. 1943) the Legislature undoubtedly felt it necessary to use the specific language above quoted as to mutual companies and assessment associations so that it would not be construed that dividends paid to their policyholders would be income rather than return premiums.
To turn it around and say that the Legislature intended to treat dividends to policyholders of mutual companies and assessment associations as a return of premiums but did not so intend when `policy dividends' were given to policyholders of stock companies, would be a suspect classification which would very likely be a denial of the equal protection of the law in contravention of theFourteenth Amendment to the U.S. Constitution.
The Supreme Court of Nebraska has long followed the rule that when a statute is susceptible of two constructions, under one of which it is clearly valid while under the other its validity may be doubtful, the construction in favor of validity will be given. In re Shirley's Estate,162 Neb. 613, 76 N.W.2d 749.
We are unable to ascertain any reasonable distinction between policy dividends to mutual company policyholders and policy dividends to stock company policyholders for the purpose of permitting one to be deducted as a return premium and not the other.
For these reasons it is our opinion that a stock fire insurance company should be permitted to deduct policy dividends to policyholders from its gross direct writing premiums for the purpose of the tax calculations under section81-523, R.R.S. 1943.